## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE NORTHERN DISTRICT OF MISSISSIPPI

IN RE:                                                                                   CHAPTER 13 CASE NO.:
RAUL OLGUIN                                                      19-10706-JDW

## OBJECTION TO CONFIRMATION

COMES NOW the Chapter 13 Trustee, Locke D. Barkley (the "Trustee"), by and through counsel, after conducting the Section 341(a) Meeting of Creditors, reviewing the Petition, Schedules, and Statement of Financial Affairs, and files this Objection to Confirmation (the "Objection"), and in support thereof states as follows:

1. The Debtor commenced this proceeding by filing a Voluntary Petition on February 19, 2019 (the "Petition Date"). The Debtor filed a proposed Chapter 13 Plan (Dkt. #2) (the "Plan") on the Petition Date.

2. The Debtor's Schedules fail to properly disclose all assets and liabilities as required by 11 U.S.C. § 521(a)(1)(B)(i); therefore, the requirement of §1325(a)(1) is not met. Specifically, Schedule A/B provides that the Debtor has a business checking account. However, according to the Debtor's testimony at the Section 341(a) Meeting of Creditors, the account is in the name of Roca Fuerte Masonry, LLC, and the Debtor only has signature rights on the account. Accordingly, the business checking account is not property of the estate.

3. The Debtor's Schedules I and J fail to accurately report the Debtor's current income and expenditures as required by 11 U.S.C. § 521(a)(1)(B)(ii); therefore, the requirement of §1325(a)(1) is not met. The Debtor is the sole member and operator of Roca Fuerte Masonry, LLC. Therefore, the Debtor's net income from the corporation should be listed on Line 8a on Schedule I. Additionally, the Debtor did not file the "statement for each property and business

1

showing gross receipts, ordinary and necessary expenses business expenses, and the total monthly net income" as required by Line 8a.

4. The Debtor's Plan fails to comply with 11 U.S.C. § 1325(a)(4). The proposed distribution of property under the Plan for each allowed unsecured claim is less than the amount that would be paid on such claim if the Debtor's estate was liquidated pursuant to a Chapter 7 liquidation case. According to Schedule A/B, the Debtor has non-exempt personal property worth $6,500.00.

5. The Debtor should timely remit all plan payments due under the Plan prior to the hearing or the case should be dismissed for failure to comply with the proposed Plan.

6. For the reasons set forth herein, the Trustee submits that Confirmation of the Plan should be denied and the case dismissed.

WHEREFORE, PREMISES CONSIDERED, the Trustee respectfully requests that upon notice and hearing that this Court enter its order sustaining the Objection. The Trustee prays for other such general and specific relief to which Trustee and this bankruptcy estate may be entitled.

Dated: April 9, 2019.

        Respectfully submitted,

        **LOCKE D. BARKLEY**
        **CHAPTER 13 TRUSTEE**

BY:   /s/ Melanie T. Vardaman
        ATTORNEYS FOR TRUSTEE
        W. Jeffrey Collier (MSB 10645)
        Melanie T. Vardaman (MSB 100392)
        6360 I-55 North, Suite 140
        Jackson, Miss. 39211
        (601) 355-6661
        mvardaman@barkley13.com

## **CERTIFICATE OF SERVICE**

      I, the undersigned attorney for the Trustee, do hereby certify that I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I hereby certify that I either mailed by United States Postal Service, first class, postage prepaid, or electronically notified through the CM/ECF system, a copy of the above and foregoing to the Debtor, attorney for the Debtor, the United States Trustee, and other parties in interest, if any, as identified below.

      Dated: April 9, 2019.

                                        /s/ Melanie T. Vardaman
                                        MELANIE T. VARDAMAN